UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

**DELTA COATINGS, LLC**               CIVIL ACTION
    **Plaintiff**

**VERSUS**                             NUMBER: _____

**DONJON SHIPBUILDING AND REPAIR, LLC**
    **Defendant**                        SECTION: _____

_____

## COMPLAINT

The Complaint of Delta Coatings, LLC, a business authorized to do and doing business in the State of Louisiana, respectfully represents the following:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1332, because the parties herein are from different states, and the amount in controversy herein exceeds the sum or value of seventy-five thousand and No/100s ($75,000.00) dollars excluding interest and costs. Venue is proper in this judicial district as a substantial portion of the acts and transactions addressed herein occurred within this judicial district.

2.

The defendant below is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, any punitive damages, if any, as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity, including injunctive relief:

Donjon Shipbuilding and Repair, LLC, (hereinafter referred to as "Donjon") is a business authorized to do and doing business in the State of New Jersey and may be served through

its agent for service of process in the State of New Jersey.

3.

At all times mentioned herein, their existed a contract between Delta Coatings, Inc. and Donjon involving the Sea Corp ATB Barge Construction Project. Negotiations and/or execution of this contract took place in the State of Louisiana, specifically in Belle Chasse and/or New Orleans, Louisiana.

4.

At all times mentioned herein, Donjon contracted with Plaintiff, to provide pressure washing and/or painting on a vessel.

5.

At all times mentioned herein, Plaintiff was to provide the aforementioned services for pressure washing (not sandblasting) and painting on Sea Chem-1, also known as Hull 1130.

6.

At all times mentioned herein, the services provided by plaintiff were supplied and performed at the Erie Shipyard, located at 220 East Bayfront Parkway, Erie, Pennsylvania.

7.

In July or August 2014, the initial work began by Donjon on Hull 1130, a 185,000 barrel chemical barge. Hull 1130 is approximately 580 feet in length, 78 feet wide, 45 feet tall and weighs approximately 5,500 tons. The vessel's hull is composed of 16 modules, each of which weighs anywhere from thirty (30) to eighty (80) tons.

8.

Upon information and belief, plaintiff herein submits that this was the first chemical barge that was built by defendant, Donjon, at Erie Shipyard. Typically, Donjon builds deck and hopper

barges.

9.

Prior to Delta Coatings, Inc. supplying pressure washing and/or painting on Hull 1130, an agreement was formed between the parties, namely Delta Coatings, Inc and Donjon Shipbuilding and Repair, LLC. Initially, this agreement had a term of $1,801,250.00, to be paid to Delta Coatings, Inc., for the aforementioned services as was shown on Purchase Order number 022042, dated 07/10/2015.

10.

In June 2015, Plaintiff mobilized equipment and/or individuals to the Erie Shipyard for the Sea Corp ATB Barge Construction Project. Defendant was invoiced (number 0615-84-DJ) for this mobilization. The amount of this invoice was for $35,000.00, which was promptly paid by Donjon.

11.

In July 2015, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0715-64-DJ) for aforementioned services. The amount of this invoice was for $247,964.50, which was paid on 10/28/2015, check number 18654, by Donjon.

12.

In August 2015, Plaintiff performed work on Hull 1130, and Donjon was invoice (number 0815-58-DJ) for aforementioned services. The amount of this invoice was for $119,322.00, which was promptly paid on 10/01/2015, check number 18422, by Donjon. This invoice also included work on the bottom of the vessel, i.e. $25,000.00.

13.

In September 2015, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0915-74-DJ) for aforementioned services. The amount of this invoice was for $75,000.00,

which was promptly paid on 11/4/2015, check number 18714, by Donjon. This entire invoice was for Time and Maintenance (hereinafter referred to as "T&M")

14.

In October 2015, Plaintiff performed work on the Hull 1130, and Donjon was invoiced (number 1015-77-DJ) for aforementioned services. The amount of this invoice was for $14,203.00, which was promptly paid on 01/20/2016, check number 19282, by Donjon. This invoice was for T&M.

15.

In October 2015, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 1015-36-DJ) for aforementioned services. The amount of this invoice was for $150,000.00, which was promptly paid on 12/3/2015, check number 18910, by Donjon.

16.

In November 2015, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 1115-64-DJ) for aforementioned services. The amount of this invoice was for $120,590.00, which was promptly paid on 01/13/2016, check number 19272, by Donjon. This invoice included T&M of $70,000.00.

17.

In December 2015, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 1215-59-DJ) for aforementioned services. The amount of this invoice was for $211,000.00, which was paid on 02/17/2016, check number 19498, by Donjon. This invoice included T&M of $70,000.00.

18.

In January 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number

0116-02-DJ) for aforementioned services. The amount of this invoice was for $228,484.00, which was paid on 03/30/2016, check number19867, by Donjon. This invoice included T&M of $123,484.00.

19.

In February 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0216-21-DJ) for aforementioned services. The amount of this invoice was for $274,754.00, which was paid on 04/28/2016, check number 20129, by Donjon. This invoice included T&M of $244,754.00.

20.

In March 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0316-49-DJ) for aforementioned services. The amount of this invoice was for $405,675.00, which was paid over a period of time on 06/08/2016, check number 20431, for $250,000.00; on 07/08/2016, check number 20710, for $100,000.00; on 7/25/2016, check number 20710, for $100,000.00; and on 07/25/2016 check number 20770, for $55,675.00. This invoice included T&M of $285,675.00.

21.

In April 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0416-21-DJ) for aforementioned services. The amount of the invoice was for $384,316.00, which was paid over a period of time: on 07/25/2016, check number 20770, for $44325.00; on 08/05/2016, a wire transfer of $200,000.00; on 08/21/2016, a wire transfer of $100,000.00; and 09/02/2016, a wire transfer of $39,991.00. This invoice included T&M of $219,316.00.

22.

In May 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number

0516-19-DJ) for aforementioned services. The amount of the invoice was for $451,208.00, which was partially paid: on 09/02/2016, a wire transfer of $10,009.00; on 09/09/2016, a wire transfer of $50,000.00; and on 09/23/2016, a wire transfer of $50,000.00. This invoice included T&M of $259,208.00. This invoice has a remaining balance of $341,199.00

23.

In June 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0616-16-DJ) for aforementioned services. The amount of the invoice was for $387,075.30, and has not been paid. This invoice included T&M of $185,000.00.

24.

In July 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0716–47-DJ) for aforementioned services. The amount of the invoice was for $246,732.00, and has not been paid. This invoice included T&M of $41,732.00.

25.

In August 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0816-43-DJ) for aforementioned services. The amount of the invoice was for $50,000.00, and has not been paid. This invoice included T&M of $14,500.00.

26.

In September 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0916-21-DJ) for aforementioned services. The amount of the invoice was for $353,494.00, and has not been paid. This invoice included T&M of $172,194.00.

27.

Also in September 2016, Plaintiff performed work on Hull 1130, and Donjon was invoiced (number 0916-64-DJ) for aforementioned services. The amount of the invoice was for $29,000.00,

and has not been paid. This invoice included T&M of $10,000.00.

28.

In September 2016, Plaintiff also issued a credit of $132,464.00, to Defendant via invoice number 0916-22-DJ. This credit was for the Upperfore Peak Void and Deck Housing Coatings, in the amount of $132,000.00.

29.

To date, Donjon has invoiced a total of $3,651,353.80, both for contract and T&M; contract $1,849,212.50, T&M $1,802,141.30.

30.

To date, Donjon has paid a total of $2,376,563.50, for both contract and T&M; contract $1,163,876.50, T&M $1,212,441.00.

31.

As a result of Donjon's breach of the aforementioned contract, Donjon owes Plaintiff $1,274,790.30, for both contract and T&M; contract amount of $685,336.00, T&M amount of $589,700.30.

32.

On December 8, 2016, Plaintiff sent to Defendant, a demand letter, via certified mail, requesting payment; to date there has been no communications with the Defendant concerning this letter and as a result thereof, this lawsuit follows.

33.

Plaintiff did provide a price for square footage that was supplied solely by Donjon. It was later determined that Donjon was incorrect in their determination of the total square footage. Hence, a square footage differential existed of approximately 35,000 square feet of which Plaintiff provided

Case 2:17-cv-00363-JTM-MBN Document 1 Filed 01/13/17 Page 8 of 9

services. These services included sandblasting, which cost approximately $6.50 to $7.00/sq.ft.

34.

Plaintiff has performed all obligations under the contract, specifically Purchase Order 022042. Plaintiff's obligations were performed in a proper workmen like manner and satisfactorily completed in a timely manner.

35.

As a result of defendant's breach of contract, plaintiff retained an attorney and seeks reimbursement for reasonable attorney fees, costs and interest from the date of judicial demand.

35.

Plaintiff requests a trial by jury.

For these reasons, Plaintiff, Delta Coatings, Inc. asks for judgment against defendant, Donjon Shipbuilding and Repair, LLC, for the following:

  a. There be judgment in favor of Petitioner and against Defendant, for the true and full amount of all damages, including but not limited to One Million Two Hundred Seventy-Four Thousand Seven Hundred Ninety and 30/100s ($1,274,790.30) Dollars;

  b. Prejudgment and postjudgment interest;

  c. Attorney fees, costs and interest from the date of judicial demand;

  d. A trial by jury; and

**PLAINTIFF FURTHER PRAYS** for any further general and equitable relief that may be afford to it.

    Respectfully submitted:


    ***/s/ Craig S. Watson***
    Craig S. Watson
    Attorney for Plaintiff
    LSBA #: 14485
    3909 Plaza Tower Drive
    Baton Rouge, LA 70816
    Email: sailfish01@aol.com
    225-292-3800
    225-324-3123 (cell)
    225-292-3803 (telecopier)


    **ATTORNEY FOR PLAINTIFF**